CJ-15-3063
B. Jones

IN THE DISTRICT COURT IN AND FOR OKLAHOMA COUNTY

| | |
|---|---|
| SHANTA, INC. DBA GREEN CARPET INN § § Plaintiff, § § vs. § Case No.: CJ 2015-3063 § NAUTILUS INSURANCE GROUP, § § Defendant. § § | |

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

MAY 29 2015

TIM RHODES
COURT CLERK

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, SHANTA, INC. DBA GREEN CARPET INN, and files this Original Petition against Defendant NAUTILUS INSURANCE GROUP, ("Nautilus" and/or "Defendant") for causes of action would respectfully show the Court the following:

### I. VENUE

1.1   Venue is appropriate in Oklahoma County, Oklahoma because the cause of action or some part thereof arose in Oklahoma County and because Plaintiff resides in Oklahoma County.

1.2   All conditions precedent to instituting this action have occurred, been performed, were waived or have otherwise been satisfied.

### II. PARTIES

2.1   Plaintiff's property is situated in Oklahoma County, Oklahoma.

2.2   The Insurance Defendant is engaged in the business of insurance in the State of Oklahoma. The insurance business done by the Insurance Defendant includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiff;

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

2.3   Defendant NAUTILUS INSURANCE GROUP, is a foreign company, incorporated in Arizona, in the business of insurance in the State of Oklahoma. NAUTILUS INSURANCE GROUP May be cited with process, pursuant to Okla. Stat. tit. 36 §§ 661-662, by **certified mail return receipt requested**, by serving *John D. Doak, Oklahoma Insurance Commissioner, Oklahoma Insurance Department, Five Corporate Plaza, 3625 NW 56th, Suite 100, Oklahoma City, OK 73112-4511. Plaintiff requests that three (3) copies of process be mailed to the Commissioner.*

### III. NATURE OF THE CASE; RELIEF SOUGHT

3.1   This is a first-party insurance case stemming from extensive damage to Plaintiff's property caused by a storm that occurred on or about May 31, 2013, Plaintiff seeks damages for breach of contract and common law bad faith. Plaintiff also seeks its attorney's fees, statutory penalties, punitive damages, costs of court and pre- and post-judgment interest. As required by Oklahoma Rules of Civil Procedure §2008, Plaintiff seeks monetary relief in excess of $75,000.

### IV. BACKGROUND FACTS

4.1   Green Carpet Inn is located at 720 S. MacArthur, Oklahoma City, Oklahoma 73128 (the "Property"). At all times relevant, the Property was covered by a policy, numbered CCP750209 of insurance which the Insurance Defendant sold to Plaintiff (the "Policy"). The Policy covered the Plaintiff's property against hail, wind and water damage among other perils.

2

4.2     As a consequence of a storm, the Property sustained extensive damage.

4.3     Plaintiff has performed all conditions precedent to its recovery under the Policy.

4.4     Plaintiff gave timely notice to the carrier.

4.5     The carrier assigned the claim to an Adjuster to investigate, report on and adjust the loss.

4.6     Plaintiff provided information to the Adjuster and opportunities for the Adjuster to inspect the property.

4.7     The Insurance Defendant has failed and refused to pay Plaintiff in accordance with its promises under the Policy.

4.8     Plaintiff has suffered property damage which has not been paid, even though the amounts are well-established and have been provided to the Insurance Defendant.

4.9     The Insurance Defendant has failed to make an attempt to settle Plaintiff's claim in a fair manner, although its liability to the Plaintiff under the Policy is without dispute.

4.10    The Insurance Defendant has failed to explain the reasons for its offer of an inadequate compensation. The Insurance Defendant has failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made. The Insurance Defendant did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the Policy.

4.11    The Insurance Defendant has failed to affirm or deny coverage within a reasonable time. Plaintiff did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from the Insurance Defendant in a timely manner.

4.12    The Insurance Defendant refused to fully compensate Plaintiff under the terms of the Policy even though the Insurance Defendant failed to conduct a reasonable investigation. The

Insurance Defendant performed a result-oriented investigation of Plaintiff's claim which resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses.

4.13 The Insurance Defendant failed to meet their obligations under the Oklahoma Insurance Code regarding timely acknowledging Plaintiff's claim, beginning investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the time period mandated by statute. The Insurance Defendant failed to accept or deny Plaintiff's full and entire claim within the time period mandated by statute.

4.14 The Insurance Defendant forced Plaintiff to file this suit by offering substantially less than the amount of covered damages. The Insurance Defendant failed to meet its obligation under the Policy and under 36 Okla. St. Ann. §1250.4 regarding investigation and payment of the claim without delay.

### V. CLAIMS AGAINST NAUTILUS INSURANCE GROUP

Plaintiff incorporates all prior allegations here by reference.

5.1 **Declaratory Judgment.** Plaintiff re-alleges the foregoing paragraphs. Pursuant to the Oklahoma Rule of Civil Procedure §1651, Plaintiff is entitled to a declaration that the Policy provides coverage for the cost to repair the damaged property, less only a deductible, among other things. In the alternative, Plaintiff asserts that the Policy is ambiguous and must be interpreted in favor of coverage and against the Insurance Defendant.

5.2 **Breach of Contract.** Plaintiff re-alleges the foregoing paragraphs. The acts and omissions of the Insurance Defendant and its agents constitute a breach and/or anticipatory breach of the Insurance Defendant's contract with Plaintiff. Plaintiff suffered damages as a result of the Insurance Defendant's breach of the contract. Plaintiff has satisfied all conditions precedent to the fulfillment of its contractual demands. Accordingly, additionally or in the alternative, Plaintiff

brings an action for breach of contract against the Insurance Defendant pursuant to Oklahoma statutory and common law, and seeks all of its damages for such breach, including actual damages, consequential damages, attorneys' fees, prejudgment interest, other litigation expenses and costs of court.

5.3     "**Common Law Bad Faith.**" Plaintiff re-alleges the foregoing paragraphs. Plaintiff is covered by the Policy and the Insurance Defendant is thus required to take reasonable actions in handling the claim. The actions of the Insurance Defendant were unreasonable under the circumstances. The Insurance Defendant failed to deal fairly and act in good faith toward the Plaintiff in handling Plaintiff's claim. The Insurance Defendant's breach of the duty of good faith and fair dealing was the direct or proximate cause of damages sustained by the Plaintiff.

5.4     Specifically, the Insurance Defendant has refused to pay or delayed in paying a claim after liability has become reasonably clear. The Insurance Defendant has refused to pay, delayed in paying or offered grossly inadequate and unconscionable sums to settle the claims submitted by Plaintiff. This constitutes a breach of its common law duty of good faith and fair dealing' *i.e.*, it is acting in "bad faith."

5.5     Moreover, the Insurance Defendant has "investigated" and "adjusted" Plaintiff's claim in a malicious, intentional, fraudulent and/or grossly negligent fashion, with disregard for its duty to deal fairly and act in good faith with its insured. Thus, Plaintiff is entitled to extra-contractual damages, including exemplary damages. Plaintiff has sustained serious damage to his property as a result of the Insurance Defendant's refusal to honor the Policy. The Insurance Defendant is well aware that its actions involve an extreme risk that Plaintiff will suffer financial damage as a result of its refusal to honor its obligations, yet it is consciously indifferent to

5

Plaintiff's rights. Plaintiff is entitled to recover its actual damages, consequential damages, attorney's fees, punitive damages, and pre- and post-judgment interest.

## VI. JURY DEMAND

Plaintiff request that a jury be convened to try the factual issues in this action.

## PRAYER

**WHEREFORE**, Plaintiff seeks the following relief:

A.  The Court's declaration that the Policy provides coverage for the damage to the Property, less only a deductible;

B.  Alternatively, a ruling that the Policy is ambiguous and must be interpreted in favor of coverage and in favor of Plaintiff;

C.  Damages against the Insurance Defendant for breach of contract, including actual damages, consequential damages, attorneys' fees, pre- and post-judgment interest, other litigation expenses and costs of court;

D.  Damages against the Insurance Defendant, for breach of the duty of good faith and fair dealing, including actual damages, consequential damages, punitive damages and pre- and post-judgment interest; and

E.  Plaintiff also seeks all other financial relief and rulings to which they may be legally or equitably entitled.

Respectfully submitted,

_____
MICHAEL M. GAVITO
Oklahoma Bar No. 32296
Email: mgavito@gplawfirm.com
GRAVELY & PEARSON, L.L.P.
425 Soledad, Suite 600
San Antonio, Texas 78205
Telephone: (210) 472-1111
Facsimile: (210) 472-1110

**ATTORNEYS FOR PLAINTIFF**