# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHANTA, INC. D/B/A | ) |
| GREEN CARPET INN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV-15-872-R |
| | ) |
| NAUTILUS INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter comes before the Court on the Motion to Compel, filed by Defendant, Nautilus Insurance Company (Doc. No. 39).[1] Plaintiff responded to the motion, noting in his response that certain documents were provided to Defendant following the filing of the motion to compel. Having considered the parties' submissions, the Court finds as follows.

Plaintiff filed this action alleging breach of contract and bad faith with regard to the Defendant's failure to pay certain claims made on the insurance policy covering the Green Carpet Inn in Oklahoma City following a May 2013 tornado. Defendant served discovery requests on Plaintiff on January 8, 2016, and as of the filing of the instant motion, Defendant had not received documents responsive to certain requests. Specifically Defendant addresses the following:

**Request for Production No. 24:**

If you are making a claim under the Policy for loss of business income as a result of the May 31, 2013 tornado, please produce all documents that you contend support your claim.

**Request for Production No. 25**

---

[1] Defendant also filed a Motion to Expedite Consideration of the Motion To Compel (Doc. No. 40), which was in essence granted by the Court's Order shortening the response and reply time, and is therefore **GRANTED**.

> Please produce a detailed profit and loss statement for the years ending December 31, 2008 through December 31, 2012.

**Request for Production No. 26**

> Please produce a detailed monthly profit and loss statement for the period January 2013 through September 2013.

**Request for Production No. 27**

> Please produce your corporate tax returns, with all supporting schedules, for the past five (5) years.

Plaintiff made no responsive production with regard to Requests 25 through 27, stating that responsive documents would be produced with regard to 25 and 26, and objecting to production of the tax returns. With regard to Request for Production No. 24, Plaintiff directed Defendant to documents previously produced, specifically those Bates stamped Shanta 0001 through Shanta 0368. Defendant contends that Mr. Patel, one of two shareholders in Shanta, Inc., along with his wife, admitted in his June 24, 2016 deposition that he had responsive documents, including tax returns, daily occupancy reports and documents to support the calculation of lost business income. In its reply brief Defendant acknowledges Plaintiff's late production of certain documents but contends Plaintiff still has not produced tax returns in response to Request for Production No. 27, or daily occupancy statistics (including rooms available and rooms occupied) and daily revenue totals for May 1, 2012 through September 30, 2012, and for January 2013 through 2015.

In response to the Motion to Compel Plaintiff contends that Mr. Patel struggles with English and as a result failed to produce to Shanta's counsel the documents Defendant sought that Plaintiff's counsel had been requesting. Plaintiff's counsel contends that he finally was able to obtain relevant documents by requesting the same from Shanta's accountant, specifically monthly financial statements for August 2012 and all of 2013, which, with the exception of November and December

2

2013, were produced August 1, 2016.[2] In lieu of financial statements for those two months, the general ledger and back-up information were apparently produced to Defendant on August 5, 2016. Plaintiff objects to production of corporate tax returns.

Despite Plaintiff's contention that its tax returns are confidential and that ordering production thereof would invade its privacy, the Court concludes that in light of Plaintiff's claim for loss of business income related to the Green Carpet Inn that Defendant is entitled to discovery of the tax returns sought. Although Plaintiff has provided some financial information, the numbers provided do not in many instances appear consistent. That is, Plaintiff's "Occupancy Report" for the period of January 1, 2013 through May 31, 2013 indicates that during that 151 day period the hotel had 11089 occupied rooms, for a percentage occupancy of 78.12% and revenue of $335,355.80. However, according to the Statement of Revenue and Expenses prepared by Plaintiff's accountant monthly for this same time frame, the business reflected total revenue of approximately $170,000.00 Plaintiff provided copies of its response to an audit completed by Defendant for purposes of establishing the premiums, which included various "Monthly Hotel Room Tax Reports," which identified the gross receipts of the Green Carpet Inn. The total of the amounts reported from January through May 31, 2013 is approximately $70,000. Thus, without tax returns, it appears unlikely that Defendant will be able to determine the true nature of Plaintiff's lost business income as a result of damage to the hotel caused by the tornado. Plaintiff is hereby ordered to produce the returns for 2011 through 2015 within fifteen days of entry of this Order.

---

[2] Plaintiff's counsel states that he received financial statements on July 11, 2016, but for some unknown reason did not provide those to Defendant until August 1, 2016, when he provided Defendant with a copy of Mr. Curry's expert report.

The same holds true with regard to Defendant's request for daily occupancy statistics for the period of May 1,2012 through September 30, 2012 and for all of 2013 through 2015. Although there may be explanations for the inconsistencies, those explanations are not readily apparent from any of the financial records the parties have provided to the Court. Accordingly, Plaintiff is hereby ordered to provide the daily occupancy reports and statistics for the hotel for the period identified herein within fifteen days of entry of this Order.

Defendant requests sanctions for Plaintiff's failure to timely respond to Defendant's discovery. Pursuant to Rule 37(a)(5), "[i]f the motion (to compel) is granted—or if the disclosure of requested discovery is provided after the motion was filed—the court, must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses in making the motion, including attorney's fees." There are three exceptions, only one of which is potentially applicable herein, that other circumstances make the award unjust. Plaintiff's counsel argues that the fact that English is not Plaintiff's first language, he is a native of India, makes it difficult to obtain the proper responsive documents from him, despite repeated requests by counsel.

The Court finds no basis in the Plaintiff's submissions for denying attorney's fees, which were requested in Defendant's motion. It should have been apparent that the issue of loss of income, while not the sole issue herein, is nevertheless a primary issue to be resolved in this litigation. As such, counsel is tasked with working with Plaintiff to ensure that the required production is made in a timely manner. The Court hereby orders the parties to confer within seven days of this Order to attempt to reach an agreement regarding the amount of reasonable fees and expenses incurred as a result of Defendant's motion to compel. If the parties are unable to agree, Defendant shall file a

verified accounting of its fees incurred as a result of filing the motion to compel, and Plaintiff shall have twenty-one days to respond thereto. Defendant may file a reply within seven days of Plaintiff's response.

Finally, Defendant requests and Plaintiff does not oppose granting Defendant a sixty-day extension of time for filing its expert witness list and expert report, measured from the date of Plaintiff's production of the requested financial information. This matter is currently set on the Court's November 2016 trial docket. Granting Defendant's request would, in light of the deadlines previously established, render Defendant's list and disclosures a day before the November trial docket. This would, of course, preclude any challenge by Plaintiff to Defendant's expert witnesses if the case is retained on the November trial docket. Accordingly, the Court hereby GRANTS Defendant's requested extension, and its disclosures and reports are due sixty days from the date on which Plaintiff makes the required supplemental production. The matter is hereby stricken from the November trial docket and reset to the February 2017 docket. All dispositive and *Daubert* motions shall be filed not later than December 1, 2016. Discovery is to be completed by January 3, 2017. Designations of deposition testimony to be used at trial must be filed by February 1, 2017, with objections and counter-designations due February 6, 2017. The parties final pretrial report, proposed jury instructions and requested voir dire are due not later than February 1, 2017.

For the reasons set forth herein, Defendant's Motion to Compel is GRANTED.

IT IS SO ORDERED this 16th day of August, 2016.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE